IN THE IOWA DISTRICT COURT FOR JOHNSON COUNTY

| | |
|---|---|
| LISA PAZOUR and, <br> MICHAEL PAZOUR <br> Plaintiffs, <br><br> -vs- <br><br><br> PROCTOR and GAMBLE HAIR <br> CARE, L.L.C., <br><br> Defendant. | ) <br> ) <br> )   LAW NO. LACV069574 <br> ) <br> )   ORIGINAL NOTICE <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**TO THE ABOVE-NAMED DEFENDANTS:**

YOU ARE HEREBY NOTIFIED that there is now on file in the office of the Clerk of the above Court a Petition in the above-entitled action, a copy of which Petition is attached hereto. The Plaintiff's attorney is Tim Semelroth, whose address is Suite 1140, 425 Second St. SE, Cedar Rapids, Iowa 52401. Phone (319) 365-9200; Fax (319) 365-1114.

YOU ARE FURTHER NOTIFIED that unless, within twenty (20) days after service of this Original Notice upon you, you serve, and within a reasonable time thereafter file, a motion or answer in the Iowa District Court for Johnson County at the courthouse in Iowa City, Iowa, judgment by default will be rendered against you for the relief demanded in the Petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 1-319-398-3920, ext. 1100. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.) **LODEMA BERKLEY**

(SEAL)

*by Wanda _____, Deputy*

CLERK OF THE ABOVE COURT
Johnson County Courthouse
Iowa City, Iowa 52244

**IMPORTANT: YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.**

IN THE IOWA DISTRICT COURT FOR JOHNSON COUNTY

| | |
|---|---|
| LISA PAZOUR and, <br> MICHAEL PAZOUR <br> Plaintiffs, <br><br> -vs- <br><br><br> PROCTOR and GAMBLE HAIR CARE, L.L.C., <br><br> Defendant. | ) <br> ) <br> ) LAW NO. LACV069874 <br> ) <br> ) <br> ) PETITION AT LAW <br> ) AND JURY DEMAND <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

COME NOW the Plaintiffs, Lisa Pazour and Michael Pazour, and for their claims against Defendant Proctor and Gamble Hair Care, L.L.C., state and allege as follows:

## COMMON ALLEGATIONS

1. Plaintiffs Lisa Pazour and Michael Pazour are wife and husband and, at all times material hereto, were residents of Solon, Johnson County, Iowa.

2. Defendant Proctor & Gamble Hair Care, L.L.C. (herinafter Proctor & Gamble) is an Iowa corporation doing business in Iowa City, Johnson County, Iowa, and was self-insured for purposes of worker's compensation insurance under the laws of Iowa.

3. Plaintiff Lisa Pazour was an employee of Proctor & Gamble when she sustained injury to her back arising out of and in the course of her job.

4. Plaintiff Lisa Pazour indicated to another employee that she was injured on or about May 12, 2004. She was seen in the emergency room on May

15, 2004 and had back surgery on May 25, 2004. All of the doctors opined her back symptoms were related to her work at Proctor & Gamble.

5. On multiple occasions, the Defendant-through its agents and employees-attempted to discourage the Plaintiff from pursuing a workers' compensation claim.

6. On or about June 14, 2004, Plaintiff Lisa Pazour filed her workers' compensation petition for benefits, alleging an injury date of May 12, 2004.

7. Defendant denied Plaintiff Lisa Pazour's claim for workers' compensation as of July 29, 2004, and failed to pay any further workers' compensation benefits, including medical benefits, for her back injury until after an administrative hearing.

## COUNT I – BAD FAITH

COMES NOW Plaintiff Lisa Pazour and for her cause of action against Defendant, states as follows:

1. Plaintiff Lisa Pazour by this reference incorporates the allegations of the Common Allegations of this Petition as if fully reiterated herein.

2. Defendant had no reasonable basis to deny Plaintiff Lisa Pazour's claims for workers' compensation benefits.

3. Defendant knew or had reason to know its denial was without reasonable basis.

4. Defendant, in ignoring its own authorized doctors and in refusing to pay worker's compensation benefits in a timely manner as required by Iowa law, has acted in bad faith and showed an indifference to and a disregard of Plaintiff Lisa Pazour's interest.

5. The bad faith of Defendant was a proximate cause of injury, loss and damage suffered by Plaintiff Lisa Pazour.

6. The actions of Defendant and its agents and employees were intentional, wanton, and reckless, and exhibited a complete disregard for Plaintiff Lisa Pazour's rights under the provisions of Iowa Code Chapter 85. Accordingly, in addition to the actual damages, Plaintiff Lisa Pazour is entitled to an award of punitive damages because of Defendant's conduct.

7. The amount in controversy exceeds the jurisdictional amounts set forth in Rule 6.3 of the Iowa Rules of Appellate Procedure.

WHEREFORE, Plaintiff Lisa Pazour prays for judgment against Defendant for compensatory damages that will fully, fairly, and adequately compensate her for her actual and general damages, punitive damages that will adequately deter and punish the Defendant from any further conduct as described herein, together with interest as provided for by law, the costs of this action, and such other and further relief as is just.

## COUNT II – BREACH OF FIDUCIARY DUTY

COMES NOW the Plaintiff Lisa Pazour and for her cause of action against Defendant, states as follows:

1. Plaintiff Lisa Pazour by this reference incorporates the allegations of the Common Allegations and Count I of this Petition as if fully reiterated herein.

2. Defendant owed Plaintiff Lisa Pazour statutory and contractual duties to timely pay her weekly Workers' Compensation benefits and to furnish medical care to which she was entitled under the provisions of Iowa Code Chapter 85 because of her work-related back injury.

3. Plaintiff Lisa Pazour was dependent on Defendant to fulfill its statutory and contractual duties to her. Defendant purported to act with Plaintiff Lisa Pazour's interests in mind when its agents and employees wrongly encouraged her to not make a workers' compensation claim.

4. Defendant's breach of fiduciary duty was a proximate cause of injury, loss and damage suffered by Plaintiff Lisa Pazour.

5. The actions of Defendant and its agents and employees were intentional, wanton, and reckless, and exhibited a complete disregard for Plaintiff Lisa Pazour's rights under the provisions of Iowa Code Chapter 85. Accordingly, in addition to the actual damages, Plaintiff Lisa Pazour is entitled to an award of punitive damages because of Defendant's conduct.

WHEREFORE, Plaintiff Lisa Pazour prays for judgment against Defendant for compensatory damages that will fully, fairly, and adequately compensate her for her actual and general damages, punitive damages that will adequately deter and punish the Defendant from any further conduct as described herein, together with interest as provided for by law, the costs of this action, and such other and further relief as is just.

## COUNT IV – INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

COMES NOW the Plaintiff Lisa Pazour and for her cause of action against Defendant, states as follows:

1. Plaintiff Lisa Pazour by this reference incorporates the allegations of the Common Allegations and Count I, II and III of this Petition as if fully reiterated herein.

2. The conduct of Defendant was outrageous.

4

3.  Defendant acted with the intention of causing, or in reckless disregard of the probability of its conduct causing the severe emotional distress suffered by Plaintiff Lisa Pazour.

4.  Defendant's conduct was in willful and wanton disregard of Plaintiff Lisa Pazour's legal rights.

WHEREFORE, Plaintiff Lisa Pazour prays for judgment against Defendant for compensatory damages that will fully, fairly, and adequately compensate her for her actual and general damages, punitive damages that will adequately deter and punish the Defendant from any further conduct as described herein, together with interest as provided for by law, the costs of this action, and such other and further relief as is just.

### COUNT V – LOSS OF SPOUSAL CONSORTIUM

COMES NOW the plaintiff, Michael Pazour, and for his cause of action against defendant, states to the Court as follows:

1.  Plaintiff Michael Pazour by this reference incorporates the allegations of the Common Allegations and Count I, II, III and IV of this Petition as if fully reiterated herein.

2.  At all times material hereto, Plaintiffs Lisa Pazour and Michael Pazour were married and living together as husband and wife.

3.  By reason of the conduct of Defendant, the plaintiff Michael Pazour has and will in the future suffer loss of services, companionship, and society of Lisa Pazour, his wife.

WHEREFORE, Plaintiff Michael Pazour prays for money damages against Defendant, in an amount that will fully, fairly, and adequately compensate him for