IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| LISA PAZOUR and, <br> MICHAEL PAZOUR <br>     Plaintiffs, <br> <br> -vs- <br> <br> <br> <br> PROCTOR and GAMBLE HAIR CARE, L.L.C., <br> <br>     Defendant. | ) <br> ) <br> )   No. 3:08-cv-00118 <br> ) <br> )   **PLAINTIFFS'** <br> )   **DESIGNATION OF** <br> )   **EXPERT WITNESSES** <br> ) <br> ) <br> ) <br> ) |

Plaintiff discloses and identifies the following expert witnesses pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure:

D. Barry Moranville
1530 South Deer Road
West Des Moines, IA 50266-3819

D. Barry Moranville is a retired adjuster and lawyer. He has adjusted workers' compensations claims, litigated claims, and also served as Deputy Commissioner deciding workers compensation claims. He previously served as the Executive Director of Iowa Worker's Compensation Lawyers, Inc. (IAWC). It is anticipated that Mr. Moranville will testify regarding liability, causation, and damages. He will offer opinions on Iowa's workers compensation system, proper claims handling, poor or inappropriate claims

1

handling, Defendant's claims handling pattern, practice, routine, policies and procedure, and also the claims handling of Ms. Pazour's claims and all matters and issues relevant to said claims. His opinions will be based upon his background, education and experience and his review of Lisa Pazour's workers compensation documents and rulings, employment records, medical records and other pertinent documents. He may use documents produced in discovery as exhibits and may also use simple drawings, pictures, graphs, charts, or photographs.

In formulating his opinions, Mr. Moranville has considered the discovery to date, including interrogatories and documents produced. Discovery is ongoing, and additional discovery will be necessary to provide additional opinions and supplementations of the opinions produced herewith.

Mr. Moranville is being compensated at a reasonable rate of $175.00 per hour, consistent with the market for testifying experts. Attached is a general summary of Mr. Moranville's qualifications and background.

Attached is the signed report of Mr. Moranville. Plaintiff intends to supplement this report upon completion of discovery.

Plaintiff also identifies and discloses any treating physician or other medical treatment provider named in the medical records previously

produced or to be produced to address any medical issues in this case; including but not limited to diagnosis, causation, treatment, prognosis, cost of care, and related matters. Plaintiff also indentifies all employees or agents of Defendant as having expert opinions in this case as related to workers' compensation. Plaintiff also identifies decision makers and judges involved in deciding Plaintiff's case as being experts and having expert opinions. However, none of these experts are retained or otherwise fall under Rule 26(a)(2).

Plaintiff reserves the right to use the testimony of any and all experts identified by the other parties.

_____/s/_____
Tim Semelroth
Riccolo & Semelroth, P.C.
425 Second Street SE, Suite 1140
Cedar Rapids, IA 52401
(319)365-9200
(319)365-1114 fax
tsemelroth@riccololaw.com

Attorney for Plaintiffs

CC:
  Theresa Davis
  Shuttleworth & Ingersoll, P.C.
  P.O. Box 2107
  Cedar Rapids, IA 52406-2107
  319-365-9461
  319-365-8443 fax
  Attorney for Defendants

Barry Moranville
1530 South Deer Road
West Des Moines, IA 50266-3819
Home office: 515-225-0657
Cell: 515-991-3000
Email barrymoranville@mac.com

June 25, 2009

Tim Semelroth
Attorney at Law
425 Second Street SE
Suite 1140
Cedar Rapids, IA  52401

Re:  Pazour v Proctor and Gamble

Dear Mr. Semelroth:

You have asked me for my preliminary opinion in this bad faith case. In providing my opinion in such cases, I rely on my education and experience in the field of workers' compensation. Enclosed is my vita sheet.

The most important evidence determining liability in a bad faith matter is the claims handling of the defendant. The claims action or lack thereof I measure against a standard of what I believe to be good claims practice.

In this case I conclude that defendant failed to engage in good claims practice.

I have examined the following documents in order to arrive at my opinion: the workers' compensation arbitration decision and the workers' compensation commissioner's appeal decision; the enclosures to defendant's undated notice of service of medical records, including enclosures A through l; claimant's exhibit list and witness list with enclosures; the hearing transcript; claimant's post-hearing brief; respondent's post-hearing brief; respondent's appeal brief; claimant's appeal brief; claimant's reply brief and your letter of transmittal to me.

Barry Moranville  page 2

Ms. Lisa Pazour, the workers' compensation claimant, hurt her low back at work while in the employ of Proctor and Gamble Hair Care, LLC, on May 12, 2004. The necessary medical causation to prove the injury is present in the June 4, 2004, opinion of Chad Abernathy, MD. This opinion is undisputed.

Conservative therapies did not help. The records of Mercy Medical Center, Cedar Rapids, Iowa, show that Dr. Abernathy performed low back surgery on claimant on May 25, 2004.

The parties to the arbitration hearing stipulated that permanent partial disability workers' compensation benefits would begin on September 1, 2004. Were there permanent partial disability as a result of the work injury, payments therefore would begin on that date.

Dr. Abernathy had opined in his June 4, 2004, letter that he did not expect claimant to have any long term restrictions as a result of the injury, and defendant, relying on that opinion, paid no permanent partial disability (PPD) benefits until long after September 1, 2004.

In so doing, defendant ignored the fact that permanent industrial disability contains more factors than physical restrictions. Most important here is the medical opinion of permanent partial impairment (PPI). Claimant's independent medical examination (Dr. Neiman) showed a 12% PPI to the body as a whole as a result of the injury, and defendant's own IME examiner (Dr. Dove) agreed.

The deputy commissioner refused to award penalty benefits for late payments on the belief that defendant did not learn of the PPI until the subsequent opinions of Drs. Neiman and Dove.

On appeal, the commissioner disagreed and awarded penalty benefits on account of the delay.

Workers' compensation employers have a duty to continue to investigate the circumstances of a developing claim. The question of PPD was not closed by Dr. Abernathy's opinion.

Here defendant should have known that low back surgery inevitably results in PPI (their claims person was a registered nurse) according to the guides published by the American Medical Association. In my continuing experience in reading arbitration and appeal decisions from the Division of Workers' Compensation, time and again PPI is an element in permanent industrial disability.

In my opinion, then, defendant should have obtained an opinion of PPI as soon as practical upon the end of the healing period. Failure to do so was not good claims practice.

Barry Moranville page 3

I charge $175.00 per hour for my work as an expert in the field of workers' compensation. I will send my periodic bill under separate cover.

If you have any questions, please let me know.

Very truly yours,

*Barry Moranville*
Barry Moranville

Enclosure

Barry Moranville
3 South Lake Circle
West Des Moines, IA 50266-8008
Telephone 515-225-0657
Email bmoran007@aol.com

Curriculum Vitae

Born Carroll, IA, 1932. Graduated Jefferson High School (Iowa) 1950. In United States Air Force 1950-1953. University of Iowa 1953-1957, B.A. (Pol. Sci.). Attended University of Iowa College of Law 1956-1957. Employers Mutual Casualty Company, Des Moines, IA, claims adjuster and workers' compensation supervisor, 1957-1961. Also, Drake Law School, 1958-1960 (J.D., 1960). Practiced law Steward, Crouch and Hopkins 1961-1962. Deputy Iowa Industrial Commissioner, 1962-1967. Drake University 1967-1968 (M.A., English, 1968). Kent State University 1968-1971 (Ph.D., English, 1973). Taught English Black Hills State College, 1971-1972. Taught English William Penn College, 1972-1977. Deputy Iowa Industrial Commissioner, 1977-1984. Executive Director Iowa Workers Compensation Lawyers, Inc., (IAWC) 1989-2000. Practiced law 1984-1990, Harry W. Dahl, P.C. Practiced Law 1990-2000 in solo practice and with Moranville & Jackson. Retired January 1, 2000. In retirement designed and now maintain a Website for IAWC and my own websiteddanley. Also, testify as expert in workers' compensation bad faith cases.

Associate Editor, Drake Law Review 1959-1960.
Author, "School Reorganization in Iowa" *Drake Law Review*, December 1959.
Member, Adjudicaton Committee, International Association of Industrial Accident
    Boards and Commissions, 1980-1984.
Chairman, Lawbook Subcommittee, Iowa Workers' Compensation Advisory Committee,
    1988 – present.
While active was member of state and county bar associations, state and national trial lawyer groups and Iowa Association of Workers Compensation Lawyers and Executive Director of that group 1989-2000.
Member, Iowa State Bar Association Administrative Law Committee, 1985-1987.
Member, Iowa State Bar Association Workers Compensation Section 1989-2000.
Member, Workers' Compensation Core Group, Iowa Trial Lawyers Association 1996-1997.